IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES EDWARD CLEMENTS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-304 (MTT) |
| | ) |
| Warden JACOB BEASLEY, | ) |
| | ) |
| Respondent. | ) |

### ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion to dismiss as untimely (Doc. 11) Petitioner James Clements' Section 2254 federal habeas action (Doc. 1).  Doc. 17.  Clements objected.  Doc. 20.  Because the objection adds factual allegations relevant to equitable tolling, the Court construes the objection as a motion to amend, and the motion is **GRANTED**.  *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed the Recommendation de novo.

As the Magistrate Judge correctly determined, Clements' conviction became final on August 28, 2017 and his Section 2254 federal habeas petition was required to be filed by August 28, 2018.  Doc. 17 at 3.  Clements filed his federal petition on August 28, 2024, six years after the limitations period had expired.  *Id*.  The Magistrate Judge noted that Clements' state habeas petition could not have any tolling effect because it was filed more than twenty-four months after the limitations period had expired.  *Id*.  Finally,

the Magistrate Judge determined that Clements failed to carry his burden of proving that equitable tolling is warranted.  *Id*. at 4-5.

Presumably in response to the Magistrate Judge's observation that "it is unclear how the behavior of [Clements'] post-conviction attorney constitutes such an extraordinary circumstance that prevented Petitioner from filing this federal habeas petition," (Doc. 17 at 4), Clements makes additional, specific allegations concerning his post-conviction representation.  He maintains that Jonathan Waters, who represented Clements in his direct appeal to the Supreme Court of Georgia, told Clements that "he must exhaust all of his state remedies, by appealing any denial of his state habeas petition to the highest state court before [Clements] could file a federal habeas corpus petition."  Doc. 20 ¶ 5.  He asserts that Mark Yurachek, the attorney he retained to represent him in the state habeas proceedings, likewise informed Clements that he "must exhaust all state remedies before filing a federal habeas action within one year thereafter."  *Id*. ¶ 6.  Finally, he claims that Paul Christian, a third attorney, informed him that "by filing a state habeas action within the 4 year limit (before 8/26/21) would be tolling of the habeas time limit for filing any federal habeas action within one year after exhausting all state remedies."  *Id*. ¶ 7.  Clements asserts that he, "a layman, exercised all reasonable diligence to preserve his habeas avenue in a federal district court by relying on the appointed, retained, and consultant advise of 3 different professional criminal attorneys."  *Id*. ¶ 10.

A state habeas petition cannot toll the federal limitations period if that period has expired prior to the filing of the state petition.  See *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).  As the

Magistrate Judge noted, Clements filed his federal habeas petition *pro se* (Doc. 17 at 4), and Clements' lack of legal knowledge is not sufficient to warrant equitable tolling. *See Perez v. Florida,* 519 F. App'x 995, 997 (11th Cir. 2013). Moreover, if Clements' post-conviction counsel failed to advise him of the federal habeas limitations period or misinterpreted the statute, that failure would not justify equitable tolling. *See Hammonds v. Callaway,* 2021 WL 3011872, *3-4 (N.D. Ala. June 17, 2021), *report and recommendation adopted*, 2021 WL 2982102 (N.D. Ala. July 15, 2021); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 17) is **ADOPTED** and made the Order of the Court. Accordingly, the defendants' motion to dismiss (Doc. 11) is **GRANTED** and this action is **DISMISSED** with prejudice.

**SO ORDERED**, this 4th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT